UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHANIEL JONES III, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2886 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Defendant. | § | |

## OPINION ON DISMISSAL

Petitioner Nathaniel Jones III (TDCJ No. 1666292), an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for murder and aggravated assault with a deadly weapon. (Docket No. 1.) Respondent has filed a Motion for Summary Judgment (Docket No. 35), to which Petitioner filed a response in opposition (Docket No. 53). Petitioner also filed his own motion for summary judgment. (Docket No. 32.) After considering all of the pleadings and the entire record, the Court will grant Respondent's motion for summary judgment, deny Petitioner's summary judgment motion, and dismiss this habeas petition.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged by indictment in the 228th Judicial District Court of Harris County, Texas, with murder (Cause No. 1267896) and aggravated assault with a deadly weapon (Cause No. 1267897), with two prior felony convictions alleged for sentence enhancement purposes. (Docket Nos. 19-1 at 7; 20-11 at 140.) Petitioner pleaded not guilty to both charges. A jury found Petitioner guilty as charged and assessed punishment at forty-five years

imprisonment on each conviction, to be served concurrently. (Docket Nos. 19-5 at 138-50.) Petitioner filed a direct appeal to the First Court of Appeals of Texas which summarized in pertinent part the relevant facts presented at trial as follows:

> The State maintains that Jones was involved in a check fraud scheme with Timothy Lee and Earnest Green. Jones fabricated an employment identification card that was to be used in cashing a stolen check. Lee agreed to pay Jones $400 for the falsified identification card. Lee paid Jones $200, but still owed him $200. On November 24, 2008, Jones went to a garage warehouse where Lee and Green were having a few beers with William Marshall and Brent Powell. When Jones arrived, Lee went out to the parking lot to meet him. Jones and Lee had a heated discussion about the money Lee owed Jones. Marshall and Green then went out to the parking lot to try to break up the argument. Jones pulled out a gun and shot Lee. Lee turned to run, and Jones continued shooting. One of the additional shots hit Lee, and another one hit Marshall. Jones picked up the ejected shell casings and fled the scene. Lee suffered serious injuries, including an open fracture to his skull, nose bones, and long arm bone. Marshall died.
>
> The State maintains that Jones, in violation of his probation from prior offenses, fled to Louisiana. He was eventually arrested there and brought back to Texas. In Texas, he was indicted for murder and aggravated assault . . . .

*Jones v. State*, Nos. 101-10-00821-CR, 01-10-0822-CR, 2011 WL 4612655 at *1 (Tex. App.--Houston [1st Dist.] 2011, pet. ref'd). The state intermediate appellate court affirmed Petitioner's convictions, *id.*, and the Texas Court of Criminal Appeals subsequently refused his petition for discretionary review. *Jones v. State*, Nos. PD-1695-11, PD-1696-11 (Tex. Crim. App. Mar. 7, 2012). Petitioner did not file a petition for writ of certiorari with the United States Supreme Court and the deadline to do so expired on June 5, 2012, making Petitioner's convictions final as of that date.

Petitioner filed a state habeas petition on August 29, 2012. (Docket No. 1 at 4.) The state district court, sitting as a habeas court, recommended that the petition be denied and entered written findings. (Docket No. 21-11 at 1-2.) The Texas Court of Criminal Appeals denied the

application based on the trial court's findings without a hearing or written order on May 8, 2013. (Docket Nos. 22-9 at 1; 24-16 at 2.)

Petitioner seeks federal habeas relief on the following grounds:[1]

1. Appellate counsel rendered ineffective assistance by failing to conduct a meaningful discussion with Petitioner.[2]

2. The state habeas court erred by not allowing Petitioner to conduct discovery during state habeas proceedings.

(Docket Nos. 1 at 11-31; 17 at 2-3.)

Respondent moves for summary judgment on the grounds that Petitioner has not met his burden of proof under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his claims fail on the merits, and his last claim is time-barred. (Docket No. 35.)

## STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park,*

---

[1] On March 28, 2014, Petitioner filed a motion to amend his habeas corpus petition to assert several claims of ineffective assistance of trial counsel. (Docket No. 17.) On April 3, 2014, the Court granted Petitioner's motion and ordered him to file an amended petition within seven days. (Docket No. 18.) Petitioner never filed an amended petition and, instead, filed a motion on October 1, 2014, to withdraw his motion to amend. (Docket No. 56.) The motion to withdraw will be granted.

[2] Petitioner's original petition also raised two additional claims of ineffective assistance of appellate counsel, based on: 1) failure to file a motion for a new trial and formal bill of exception or arrest of judgment; and, 2) failure to investigate the facts and law of the case. However, Petitioner has filed a motion to voluntarily withdraw these claims as unexhausted in the state courts, which will be granted. (Docket No. 54.)

*Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

The writ of habeas corpus provides an important, but limited, examination of an inmate's conviction and sentence. *See Harrington v. Richter*, – U.S. –, 131 S.Ct. 770, 787 (2011) (noting that "state courts are the principal forum for asserting constitutional challenges to state convictions"). The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2254(d), "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt"; it also codifies the traditional principles of finality, comity, and federalism that underlie the limited scope of federal habeas review. *Renico v. Lett*, – U.S. –, 130 S.Ct. 1855, 1862 (2010) (quotations omitted).

AEDPA "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in [28 U.S.C.] §§ 2254(d)(1) and (d)(2)." *Richter*, 131 S.Ct. at 784. As previously mentioned, the Texas Court of Criminal Appeals adjudicated Petitioner's claims on the merits on direct appeal and habeas review. This Court, therefore, can only grant relief if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Berghuis v. Thompkins*, – U.S. –, 130 S.Ct. 2250, 2258 (2010) (quoting 28 U.S.C. § 2254(d)(1)). The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect but whether that

determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Thus, AEDPA serves as a "guard against extreme malfunctions in the state criminal justice systems," not as a vehicle for error correction. *Richter*, 131 S.Ct. at 786 (citation omitted); *see also Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S.Ct. at 786.

"Review under § 2254(d)(1) focuses on what a state court knew and did." *Cullen v. Pinholster*, – U.S. –, 131 S.Ct. 1388, 1399 (2011). Reasoning that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," *Pinholster* explicitly held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.*, 131 S.Ct. at 1399, 1400. Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.*, 131 S.Ct. at 1400.

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

DISCUSSION

I. Ineffective Assistance of Appellate Counsel

Petitioner claims that his appellate attorney provided ineffective assistance by failing to conduct a meaningful discussion with Petitioner about his grounds for appeal; specifically, about an alleged conflict between Petitioner and his trial counsel stemming from trial counsel's alleged refusal to investigate possible tampering with the crime scene. Petitioner states that he filed a civil lawsuit against his trial attorney based on this alleged conflict. Petitioner asserts that the details of this alleged conflict with his trial counsel were not apparent from the trial record, therefore, appellate counsel should have consulted with Petitioner about the matter before deciding not to pursue it on appeal. Petitioner contends that there is a reasonable probability his appeal would have succeeded if his appellate counsel had done so.

"In reviewing a claim alleging ineffective assistance of appellate counsel [courts] apply the traditional *Strickland* standard." *Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir. 2008); *see also Henderson v. Quarterman*, 460 F.3d 654, 665 (5th Cir. 2006); *Amador v. Quarterman*, 458 F.3d 397, 410 (5th Cir. 2006). An inmate challenging his appellate counsel's selection of

claims must show both deficient performance and that "the outcome of the appeal would have been different." *Amador*, 458 F.3d at 410; *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997); *Sharp v. Johnson*, 107 F.3d 282, 286 n. 9 (5th Cir. 1997).

An appellate attorney cannot be faulted for not raising meritless claims. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *Williams*, 16 F.3d at 634. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.), *cert. denied*, 513 U.S. 966 (1994); *see also Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness . . . ."). "The process of 'winnowing out weaker arguments . . . and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate [and habeas] advocacy." *Smith*, 477 U.S. at 536 (quoting *Jones*, 463 U.S. at 751).

Petitioner does not satisfy either requirement for an ineffective-assistance-of-appellate-counsel claim. First, Petitioner has not shown that his appellate counsel's performance was deficient merely because she decided not to pursue the trial-counsel-conflict issue without discussing it directly with Petitioner. Petitioner's appellate counsel could have reasonably determined from the trial record and other documents available to her that this claim was relatively weak. Petitioner has not shown that he had any additional information about the conflict with his trial counsel that was not apparent from the record and could not be disclosed in writing yet would have made the issue a strong argument on direct appeal. Second, Petitioner

has not shown that the outcome of his appeal would have been different if appellate counsel had discussed directly with Petitioner his alleged conflict with his trial attorney. The state habeas court's rejection of Petitioner's trial-counsel-conflict claim supports the conclusion that it would not have been persuasive even if raised on direct appeal, and therefore Petitioner cannot show prejudice. *See Cantu v. Collins*, 967 F.2d 1006, 1017 (5th Cir. 1992) (holding that where issues petitioner blames appellate counsel for failing to raise on direct appeal were rejected by state and federal habeas courts, claim of appellate attorney error is "frivolous").

In sum, Petitioner has not shown that the state court's adjudication of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court. Thus, Petitioner's claim that his appellate counsel rendered ineffective assistance has no merit.

## II. Errors in State Habeas Proceedings

Petitioner's second claim asserts that the trial court erred by not allowing Petitioner to conduct discovery during his state habeas proceedings. (Docket No. 1-1 at 15-19.) However, it is well-established that alleged infirmities in state habeas proceedings are not grounds for federal habeas relief. *Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005); *see also Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) ("It is axiomatic that infirmities in state habeas proceedings do not constitute grounds for federal habeas relief. This is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself."). Therefore, Petitioner cannot obtain federal habeas relief on this claim.

CERTIFICATE OF APPEALABILITY

AEDPA prevents appellate consideration of a habeas petition unless the district or circuit court certifies specific issues for review. *See* 28 U.S.C. § 2253(c); FED. R. APP. P. Rule 22(b). Although Petitioner has not yet requested a Certificate of Appealability ("COA"), the Court can consider the issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A court may only issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because definitive and binding precedent forecloses relief on Petitioner's claims, he cannot make such a showing here. Thus, this Court will not issue a Certificate of Appealability from this decision.

CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's Voluntary Motion for Withdrawal of Specific Claims (Docket No. 54) is GRANTED.

2. Petitioner's Motion to Withdraw his Motion to Amend (Docket No. 56) is GRANTED.

3. Respondent's Motion for Summary Judgment (Docket No. 35) is GRANTED.

4. Petitioner's Motion for Summary Judgment (Docket No. 32) is DENIED.

5. Petitioner's federal petition for habeas corpus relief is DENIED.

6. A Certificate of Appealability is DENIED.

7. All other pending motions are DENIED.

8. This habeas action is DISMISSED WITH PREJUDICE.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 27th day of March, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE